FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION       01 FEB 16 PM 12:44

U.S. DISTRICT COURT
N.D. OF ALABAMA

KATHERINE SMITHWICK,

    Plaintiff,

vs.                                    CASE NO. CV-00-J-19-S

H.B. FULLER COMPANY, INC., and
TEC SPECIALTY PRODCUTS,

    Defendants.

ENTERED
FEB 1 6 2001

## MEMORANDUM OPINION

Currently pending before the court is the defendants' motion for summary judgment (doc. 19), memorandum and evidence in support thereof, to which the plaintiffs filed an opposition (doc. 23), and the defendant thereafter submitted a reply. The court has reviewed all of the pleadings and briefs in support of and in opposition to the motion for summary judgment.

### I. Factual Background

This case was brought based on diversity jurisdiction. Complaint at ¶ 1. The defendants designed and distributed an exterior insulation and finish system ("EIFS") as well as supplying specifications, application requirements and instructions to installers of the product.[1] Complaint at ¶ 6. Plaintiff cause such as system to be installed on her home in 1985. Complaint at ¶ 7. In May, 1998, she learned portions of her house were deteriorating

---

[1] TEC is a wholly-owned subsidiary of Fuller and assumed all of Fuller's liability for EIFS sold under the trade name "Ful-O-Mite" in 1989. Defendants' memorandum at 2. EIFS is a synthetic stucco product which applied to the exterior walls of a home. *Id.*

24

and therefore had the EIFS removed, which revealed widespread moisture damage to the structure. Complaint at ¶ 7. Plaintiff asserts this damage was caused by the EIFS, which plaintiff further alleges was applied properly.[2] Complaint at ¶¶ 8, 10. The plaintiff agrees the only viable claim she has remaining is her claim under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD"). Plaintiff's opposition at 2.

The defendant filed a motion for summary judgment alleging that EIFS is not a "product" as that term is defined by the AEMLD once applied to a house. Defendants' memorandum at 4. While the plaintiff argues none of the case law defendants cite to support their argument that EIFS is not a product, the plaintiff offers no evidence or precedent to support this court finding that EIFS is a product so as to allow this case to go to a jury. Thus, the defendant alleges that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law.

### II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential

---

[2]The installer of the EIFS on plaintiff's home is not a party to this litigation.

>to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249.

>"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AL Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude

the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

### III. Legal Analysis

In the light most favorable to the non-moving party, the court finds that the facts of this case are not in dispute. The parties agree that the plaintiff had EIFS, under the trade name Ful-O-Mite applied on her home in 1985 by a non-party. The only question before this court is whether EIFS, once applied to the exterior of a home, constitutes a "product" such that the plaintiff may pursue her claim under the AEMLD.

"Product" is not defined by statute under the AEMLD. Thus, the parties have supplied this court with citations to numerous Alabama cases to support their opposing arguments as to whether EIFS, once applied to a home, may be considered a "product." The defendant argues that *Wells v. Clowers Construction, Co.*, 476 So.2d 105 (Ala.1985), is controlling in the facts before this court. In *Wells*, the Court considered whether a wood burning stove, installed into an already constructed fireplace in a home, constituted a product under the AEMLD. *Id.*, at 106. Unequivocally, the Court in *Wells* stated that "[o]nce

4

affixed to a house, a fireplace becomes as much a part of that house as the four walls, and a house cannot be classified as a 'product' for purposes of the AEMLD. *Id.,* at 106, citing *Coburn v. Lenox Homes, Inc.,* 173 Conn. 567, 572-73, 378 A.2d 599, 601-02 (1977).

In an attempt to salvage her claims, the plaintiff argues that Dryvit, which is a substantially similar product, was held to be a good, as that term is defined by the UCC. *B&B Properties v. Dryvit Systems, Inc.,* 708 So.2d 189, 192 (Ala.Civ.App.1997). The court finds this argument unpersuasive as B&B Properties never addressed the question presented to the court here, whether a stucco-like product applied to the exterior of a house remains a "product" within the confines of the AEMLD.[3] The plaintiff also argues that EIFS is more akin to such items as smoke detectors, roofing shingles and light fixtures which may be affixed to a house but do not lose their character as products under the AEMLD, citing *Dillard v. Pittway Corp.,* 719 So.2d 188 (Ala.1998) and *Carruth v. Pittway Corp.,* 643 So.2d 1340 (Ala.1994). The court finds these cases, both concerning smoke detectors, addressed what duty was owed to a nonpurchaser of that product under the AEMLD (*Dillard*) and whether the detector timely sounded an alarm (*Carruth*). Neither of these cases is of assistance to the court here.

---

[3]In that case, the Court held that "a cause of action based on breach of implied warranty accrues under either § 7-2-725, Ala.Code 1995, because the Dryvit product is within the term "goods" as defined by the Uniform Commercial Code, or under contract law which would require that the construction be performed in a workmanlike manner. Because B & B argues in its brief that a four-year statute of limitations applies to its implied warranty claim, we address the claim as arising under the Uniform Commercial Code, which prescribes a four- year statute of limitations rather than the six-year statute of limitations applicable to a contract claim. *B & B Properties*, 708 So.2d at 192.

The only case this court can find beyond *Wells, supra*, which addresses the issue of whether something permanently affixed to a structure, such as its walls, is a product, is *Bell v. T.R. Miller Mill Co., Inc.*, 768 So.2d 953 (Ala.2000). In that case the court stated:

> We first consider whether a telephone pole that has been installed in the ground is a "product" for purposes of the AEMLD .... The plaintiff states that since it decided the *Wells* case this Court has decided several cases, under the AEMLD doctrine, that involved products that had a more permanent connection to real estate than did the telephone pole in this case. She cites *Beam v. Tramco, Inc.*, 655 So.2d 979 (Ala.1995) (involving a conveyor belt installed in a grain-storage facility); *Sears, Roebuck & Co. v. Harris*, 630 So.2d 1018 (Ala.1993)(gas water heater in a home); *McDaniel v. French Oil Mill Mach. Co.*, 623 So.2d 1146 (Ala.1993)(cylindrical rotary soybean conditioner located in a soybean extraction facility); and *King v. S.R. Smith, Inc.*, 578 So.2d 1285 (Ala.1991)(diving board that had been installed with an in-ground, vinyl-lined swimming pool).
>
> .... we believe that a review of our cases applying AEMLD law involving products that have been affixed to real property shows that the policies underlying the application of the AEMLD doctrine have little relation to the policies underlying the fixtures doctrine, and that the application of products-liability law should not be totally dependent upon the intricacies of real-property law. **Consequently, based upon the facts of this case**, we hold that, although the telephone pole here was installed in the ground and was attached to the property, it did not by that fact lose its character as a "product" for purposes of the AEMLD (emphasis added).

*Bell*, 768 So.2d at 956-957.

This court has considered the *Bell* case, which was specifically limited by the court to the facts of that case, and others which, although not cited by plaintiff, could arguably stand for the proposition that certain fixtures upon land retain their character as "products." However, the court finds the facts of this case squarely within *Wells* "four walls" definition of what cannot be a product. *Wells*, 476 So.2d at 106. Thus, as this court finds that *Wells*

is still valid case law in Alabama and that this court bound by substantive, valid, state case law, this court must find that EIFS, once applied to a home, is not a product and thus cannot be the subject of a claim under the AEMLD.

## IV. Conclusion

The plaintiff has failed to present any evidence to this court which supports her claim that EIFS is a product under the AEMLD. The court finds that this issue is dispositive of the plaintiff's claim and, as such, the defendant is entitled to judgment as a matter of law as there is no genuine issues of material fact left for a jury to decide . Therefore, the Court **GRANTS** the defendant's motion for summary judgment.

**DONE** and **ORDERED** this the ___16___ day of February, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE